UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| DAVID SMILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:25-CV-001 |
| | ) |
| GLYNN COUNTY, GEORGIA, | ) JURY DEMAND (12) |
| GLYNN COUNTY POLICE | ) |
| DEPARTMENT, KYLE GRACIA, | ) |
| VICTOR RAMIREZ, and KENNETH | ) |
| MILLER | ) |
| | ) |
| All officers in their individual and | ) |
| official capacities. | ) |
| | ) |
| Defendant(s). | ) |

# COMPLAINT

COMES NOW the Plaintiff, **DAVID SMILEY** (hereinafter "Plaintiff") by and through counsel, and files his Complaint as follows against the Defendant(s), **GLYNN COUNTY, GEORGIA, GLYNN COUNTY POLICE DEPARTMENT, KYLE GRACIA, VICTOR RAMIREZ, and KENNETH MILLER** (all officers in their individual and/or official capacities) seeking relief and redress under 42 U.S.C. § 1983, which authorizes action to redress the deprivation, under color of state law, of rights, privileges, or immunities secured to Plaintiff by the Fourth Amendment to the Constitution or laws of the United States of America. Plaintiff further seeks relief against Defendant(s) **KYLE GRACIA and VICTOR RAMIREZ** in their respective individual capacities for the intentional and willful acts perpetrated against his person pursuant to state common and/or statutory law.

1

## PARTIES

1. Plaintiff, is a resident of the United States who resides in Brunswick, Georgia. He is and was at all times relevant to this Complaint a citizen of the State of Georgia and a resident of Glynn County. Plaintiff is African American by race and/or color.

2. Defendant, Glynn County, Georgia (hereinafter referred to as Defendant Glynn), is, upon information and belief, a government entity and/or political subdivision organized under the laws of the State of Georgia, with its principal place of business at 1725 Reynolds Street, Brunswick, Georgia, 31520, and may be served process by serving Complaint and Summons upon Chairman of board of commissioners, County Commission, or such other agent authorized to accept service pursuant to OCGA 9-11-4(e)(5). Defendant Glynn is an employer of Defendant(s) Kyle Gracia, Victor Ramirez, and Kenneth Miller

3. Defendant, Glynn County Police Department (hereinafter referred to as Defendant GCPD), is, upon information and belief, qualifies as an instrument[ality] of government created by one (1) or more local governmental entities being Defendant Glynn County, Georgia. In the alternative, Defendant GCPD is a governmental entity. Defendant GCPD is an employer of Defendant(s) Kyle Gracia, Victor Ramirez, and Kenneth Miller and conducts their principal business at 157 Carl Alexander Way, Brunswick, Georgia, 31525.

4. Upon information and belief, Defendant Kyle Gracia (hereinafter referred to as Defendant Gracia) is an adult resident and citizen of the State of Georgia. Defendant Gracia is employed as an officer by Defendant(s) Glynn and/or Defendant GCPD. At all times, Defendant Gracia was acting within the scope and course of his employment and pursuant to the customs, policies and procedures of Defendant GCPD. Defendant Gracia is named in this cause of action in his individual and official capacities.

5. Upon information and belief, Defendant Victor Ramirez (hereinafter referred to as Defendant Ramirez) is an adult resident and citizen of the State of Georgia. Defendant Ramirez is employed as an officer by Defendant(s) Glynn and/or Defendant GCPD. At all times, Defendant Gracia was acting within the scope and course of his employment and pursuant to the customs, policies and procedures of Defendant GCPD. Defendant Ramirez is named in this cause of action in his individual and official capacities.

6. Upon information and belief, Defendant Kenneth Miller (hereinafter referred to as Defendant Miller) is an adult resident and citizen of the State of Georgia. Defendant Miller is employed as an officer by Defendant(s) Glynn and/or Defendant GCPD. At all times, Defendant Gracia was acting within the scope and course of his employment and pursuant to the customs, policies and procedures of Defendant GCPD. Defendant Miller is named in this cause of action in his individual and official capacities.

7. At all times relevant to this Complaint, Defendant(s) were acting under the color of law with a deliberate indifference and reckless disregard for Plaintiff constitutional rights.

8. At all times relevant to this Complaint, Defendant(s) had no reasonable suspicion or probable cause for the alleged acts averred herein.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 with this Complaint arising under a violation of rights conferred by the Constitution of the United States of America.

10. Jurisdiction of this Court is invoked under 28 U.S.C. § 1343(a)(3) because this action seeks redress for a deprivation, under color of state law, of rights secured to Plaintiff by the Fourth Amendment to the Constitution of the United States of America.

11. Plaintiff asserts claims for relief under 42 U.S.C. § 1983, which authorizes action to redress the deprivation, under color of state law, of rights, privileges, or immunities secured to Plaintiff by the Constitution or laws of the United States of America and 42 U.S.C. § 1988, which authorizes the award of attorney's fees and costs to prevailing plaintiffs in actions brought under 42 U.S.C. § 1983.

12. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the present claim occurred within this judicial district and Brunswick Division. Glynn County is in the Brunswick Division.

13. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 because the state law claims are so related to the claims over which the Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

14. The Court may award damages and grant declaratory and injunctive relief for constitutional violations pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 2201, Federal Rules of Civil Procedure 57 and 65.

15. On or about October 4, 2024, Plaintiff through counsel submitted correspondence to Defendant(s) complying with state statutory ante litem or pre suit notice requirements.

## STATEMENT OF FACTS

16. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

17. On or about December 5, 2023, Plaintiff was present at or near Cost Kutter Grocery, located at or near 72 Altama, Brunswick, Georgia, 31525, performing cleaning services to the exterior of the physical building.

4

18. On or about December 5, 2023, at approximately 00:28:15 (after midnight), Defendant(s) Gracia and Ramirez arrived on scene and approached Plaintiff while he was performing cleaning services to the exterior of the physical building. Dash camera video produced by Defendant GCPD demonstrates Plaintiff using a large cleaning tool on a pole to clear or clean lights and fixtures attached to the building.

19. Defendant(s) Gracia and/or Ramirez asked Plaintiff numerous questions about his activities and who he was performing cleaning services for. Plaintiff responded to their questions identifying the parties he was performing the services for and he was mature, respectful, and cooperative at all times.

20. Defendant(s) Gracia and/or Ramirez demanded Plaintiff to produce his license or such other identification.

21. Plaintiff inquired as to why his license or identification was being sought.

22. Defendant(s) Ramirez responded that Plaintiff was loitering and prowling. Plaintiff responded that he "was working just like you guys."

23. Defendant(s) Ramirez responded that it was 12:30 and that businesses were closed.

24. Defendant(s) Ramirez threated to charge Plaintiff if he did not present his license or identification.

25. Plaintiff responded that he had not been doing anything wrong and "was just making an honest dollar" and the hours he was working was not relevant.

26. Defendant(s) Gracia and/or Ramirez proceeded to place Plaintiff under arrest and handcuffed him.

27. Plaintiff continued to deny he was loitering and prowling.

28. Plaintiff and his girlfriend on scene stated numerous times that Defendant(s) Gracia and/or Ramirez could contact the building owner or such other appropriate party to corroborate their stated purpose for being on the property. Defendant(s) Gracia and/or Ramirez did not attempt to validate their statements at any time.

29. Defendant(s) Gracia and/or Ramirez then proceeded to demand a license or identification from Plaintiff's girlfriend who is white. She was placed under arrest and handcuffed but subsequently relented and produced her license or identification. Thereafter, she was "unarrested" and had the handcuffs removed." The fear in this young lady's face was palpable demonstrating the harassment and intimidation by Defendant(s) Gracia and/or Ramirez.

30. Defendant(s) Gracia and/or Ramirez at one point asked for a copy of the contract which was absurd as if a cleaning agent has such a document on their person.

31. Plaintiff continued to stand up for his constitutional rights and did not yield to the harassment and intimidation of Defendant(s) Gracia and/or Ramirez.

32. Defendant Miller appears on scene towards the end of the incident and appears to leave the scene shortly thereafter. Defendant Miller failed to intervene and stop the unlawful arrest of Plaintiff and/or detention of Plaintiff's girlfriend. Defendant Miller had an obligation to instruct Defendant(s) Gracia and/or Ramirez to cease their unlawful conduct and admonish their behavior. Therein, Defendant Miller ratified their conduct and assumes liability therein.

33. In the alternative, Plaintiff avers that Defendant Miller participated in the unlawful arrest by his presence on scene and ratification of the unlawful arrest and conduct. Defendant Miller stood around the other officers for some time participating in conversation about the incident before leaving the scene.

34. Defendant Gracia drafted an incident report or such other document providing a narrative of incident and arrest from his perspective.

35. Plaintiff had been transported to a local detention facility and remained there for a few hours before being released.

36. Defendant Ramirez supplemented the incident report or such other document stating that "Lt. Davis had took a second look at the report and advised we had no probable cause for loitering and prowling. Lt. Davis told me to go and drop the charge and take Mr. David Smiley to where he needs to go."

37. Defendant(s) stated in the referenced report that there was no probable cause for the arrest and this amounts to a stipulation of a false and unlawful arrest of Plaintiff.

38. Law enforcement officers in the State of Georgia cannot demand identification from citizens under a threat and/or consequence of arrest without reasonable and articulable suspicion of a crime being committed in the context of approaching a citizen such as Plaintiff and in the circumstances as alleged above.

39. Plaintiff was subjected to unwarranted humiliation and indignation as his mug shot and/or arrest was posted online by third parties. Upon information and belief, thousands of citizens of in the community learned about this arrest.

**COUNT 1**
**UNLAWFUL SEARCH, SEIZURE, EXCESSIVE FORCE,**
**AND FALSE ARREST IN**
**VIOLATION OF FOURTH AMENDMENT**
**ALL DEFENDANTS**
**42 U.S.C. § 1983**

40. Plaintiff restates and incorporates by reference herein the allegations averments in the above paragraphs as if specifically set out.

41. Plaintiff has a constitutional right to be free from unlawful searches, excessive force, seizures, and arrest without probable cause. The alleged acts referenced above by Defendant(s) Gracia and Ramirez were conducted without reasonable suspicion, search warrant, or legal justification and such acts are unlawful and a violation of each and every Plaintiff's Fourth Amendment Rights.

42. As a general principle, a person is seized under the Fourth Amendment when there has been "a meaningful interference with his freedom of movement."

43. Although brief encounters between police and citizens require no objective justification, United States v. Weaver, 282 F.3d 302, 309 (4th Cir. 2002), it is clearly established that an investigatory detention of a citizen by an officer must be supported by reasonable articulable suspicion that the individual is engaged in criminal activity. Terry v. Ohio, 392 U.S. at 21, 88 S.Ct. 1868 (1968).

44. An individual is "seized" within the meaning of the Fourth Amendment when either he is told that he is not free to leave, or when, "in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." United States v. Gray, 883 F.2d 320, 322 (4th Cir. 1989).

45. To be lawful, a Terry stop "must be supported at least by a reasonable and articulable suspicion that the person seized is engaged in criminal activity." Reid v. Georgia, 448 U.S. 438, 440, 100 S. Ct. 2752 (1980). The level of suspicion must be a "particularized and objective basis for suspecting the particular person stopped of criminal activity." United States v. Griffin, 589 F.3d 148, 152 (4th Cir. 2009). As such, "the officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Terry, 392 U.S. at 21, 88 S. Ct. 1868.

46. "Our law distinguishes three tiers of encounters between police and citizens: "(1) communication between police and citizens involving no coercion or detention and therefore without the compass of the Fourth Amendment, (2) brief seizures that must be supported by reasonable suspicion, and (3) full-scale arrests that must be supported by probable cause." In the Interest of J.B., 314 Ga.App. 678, 680(1), 725 S.E.2d 810 (2012) (citation and punctuation omitted).

47. It is clearly established that an arrest made without probable cause violates the Fourth Amendment. See Von Stein v. Brescher, 904 F.2d 572, 579 (11th Cir. 1990).

48. The unlawful arrest of Plaintiff without probable cause can be deemed excessive force as the use of force to effect the arrest violated the fourth amendment. See Thornton v. City of Macon, 132 F. 3d 1395 (11th Cir. 1998).

49. Defendant(s) Gracia and Ramirez each unlawfully detained and/or conducted a seizure or arrest of Plaintiff by physically assaulting, battering, and restraining him without a warrant, probable cause, evidence of a crime being committing, or reasonable suspicion of criminal activity.

50. Defendant(s) Gracia and Ramirez were acting under the color of State law while searching and arresting Plaintiff and this was in reckless disregard of Plaintiff's rights. This arrest and seizure of Plaintiff deprived Plaintiff of his liberty.

51. Defendant Miller was acting under the color of State law while on scene participating in the unlawful arrest of Plaintiff and this was in reckless disregard of Plaintiff's rights. This arrest and seizure of Plaintiff deprived Plaintiff of his liberty.

52. No objectively reasonable police officer would have reason to believe they have authority to conduct a seizure or investigatory detention of a person under the totality of these circumstances.

## COUNT 2
## BYSTANDER LIABILITY/FAILURE TO INTERVENE
## AND SUPERVISORY LIABILITY
## DEFENDANT MILLER
## 53. 42 U.S.C. § 1983

54. Plaintiff restates and incorporates by reference herein the allegations averments in the above paragraphs as if specifically set out.

55. In addition to and/or in the alternative, Plaintiff files this action against Defendant Miller under the bystander liability or failure to intervene legal theory and/or claim.

56. In addition to and/or in the alternative, depending on facts that will be ascertained by discovery, Defendant has supervisory liability for approving the arrest with deliberate indifference to constitutional rights of the plaintiff.

57. The Eleventh Circuit has also extended liability for failure to intervene in unlawful arrest situations where the unlawfulness of the arrest is apparent and the officer participated in some manner. "[A]n officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be liable for failing to intervene, so long as he was in a position to intervene yet failed to do so." See Alston v. Swarbrick, 954 F.3d 1312, 1321 (11th Cir. 2020) (quotations omitted). "We have also determined that a non-arresting officer may be liable for failing to intervene in an unlawful arrest "if he knew the arrest lacked any constitutional basis and yet participated in some way." See Wilkerson v. Seymour, 736 F.3d 974, 980 (11th Cir. 2013).[iii]

58. Defendant Miller, acting under color of State law, appeared on scene and observed such unlawful conduct and ratified such unlawful search and arrest of Plaintiff and therein assumes liability as if he perpetrated such acts himself. By adopting an officer's action as his own (what is called "ratification"), a supervising officer or such other officer becomes the author of the action for purposes of liability under section 1983.

59. Defendant Miller failed to intervene and prevent the unlawful conduct of Defendant(s) Gracia and Ramirez and therein Plaintiff asserts a claim under a bystander liability theory.

60. Defendant Miller had reason to know that another officer was violating Plaintiff's constitutional rights and had a realistic opportunity to intervene and prevent the harm from occurring. Defendant Miller made a conscious choice not to intervene despite having the knowledge and opportunity to do so.

61. Defendant Miller was in chain of command for Defendant(s) Gracia and Ramirez.

## MUNICIPAL LIABILITY MONELL CLAIM

62. Plaintiff restates and incorporates by reference herein the allegations averments in the above paragraphs as if specifically set out.

63. The violations of Plaintiff's constitutional rights under the Fourth Amendment to the United States Constitution, and the resulting damages, were directly and proximately caused by the actions and/or inactions of Defendant(s) Glynn and/or GCPD, which have encouraged, tolerated, ratified, and has been deliberately indifferent to policies, patterns, practices, and customs, and to the need for more or different training, supervision, investigation, or discipline as to related to the acts and/or omissions alleged herein.

64. All reasonable public officials are required to know the well-settled law they enforce and the constitutionally protected rights they have sworn to uphold.

65. By adopting an employee's action as its own (what is called "ratification"), a public employer becomes the author of the action for purposes of liability under section 1983. The subsequent acceptance of dangerous recklessness by the policymaker tends to prove his preexisting disposition and policy.

66. Defendant Glynn exercises control over the policies, training, and practices of Defendant GCPD.

67. Defendant(s) Glynn and GCPD are liable for violating Plaintiff's Fourth Amendment rights because the violations as alleged herein were caused by their official policies or settled customs and practices.

68. Defendants Glynn and/or GCPD has an official policy, custom and practice of violating the rights of law-abiding citizens in Glynn County, Georgia by permitting their officers to conduct unlawful investigatory stops and/or detentions and requesting identification without reasonable suspicion or probable cause.

69. Defendant(s) Gracia, Ramirez, and/or Miller acted in furtherance of said official policy, custom and practice when they deprived Plaintiff of his rights as described above, by seizing and arresting him.

70. Defendant(s) Glynn and GCPD are liable for violating Plaintiff's Fourth Amendment rights because the violations as alleged herein were caused by their deliberately indifferent failure to train officers or prevent officers from committing such violations through proper supervision and discipline.

71. It is incomprehensible that a patrol officer cannot be aware of such an elementary but fundamental tenet of constitutional law with that being an officer cannot seek identification under threat of arrest from an individual pedestrian without reasonable articulation of a crime being committed. This can only arise out of either fundamental lack of training, supervision, and/or discipline along with a deliberate indifference and reckless disregard for a citizen's constitutional rights.

## COUNT 3

## COMMON LAW CLAIM OF ASSAULT AND/OR BATTERY

## DEFENDANTS GRACIA AND RAMIREZ

72. Plaintiff restates and incorporates by reference herein the allegations averments in the above paragraphs as if specifically set out.

73. Plaintiff avers that the intentional, fraudulent, and unlawful assault and/or contact upon him without his consent by Defendant(s) Gracia and/or Ramirez constitutes the tort of assault in that he was under a reasonable and immediate apprehension of fear; and/or battery in that such harmful and offensive contact was the direct and proximate cause which inflicted anxiety, emotional harm, physical harm, and damages upon Plaintiff.

74. Plaintiff restates and incorporates by reference herein the allegations averments in the above paragraphs as if specifically set out.

## COUNT 4

## COMMON LAW CLAIM OF FALSE IMPRISONMENT

## DEFENDANTS GRACIA AND RAMIREZ

75. Plaintiff restates and incorporates by reference herein the allegations averments in the above paragraphs as if specifically set out.

76. Plaintiff averts that the intentional and unlawful arrest, confinement, or restraint of Plaintiff without his consent by Defendant(s) Gracia and/or Ramirez constitute the tort of false imprisonment. Defendant(s) Gracia and/or Ramirez perpetrated the unlawful restraint of Plaintiff's individual liberty and/or freedom of movement without consent or legal justification within boundaries fixed by Defendant(s) Gracia and/or Ramirez. Plaintiff was conscious of such confinement and these acts were the direct and proximate cause inflicting anxiety, emotional harm, physical harm, and damages upon Plaintiff.

77. Defendant Miller participated in the arrest through his presence, observation, and supervision ratifying the unlawful arrest of Plaintiff.

## INJURIES AND DAMAGES

78. Plaintiff restates and incorporates by reference herein the allegations averments in the above paragraphs as if specifically set out.

79. Plaintiff seeks recovery of the damages sustained as a direct and proximate result of one or all of the aforesaid acts and/or omissions of the Defendant(s) which include but are not limited to:

    a. Physical pain and mental/emotional distress referenced herein both past and future;

    b. Inability to enjoy the normal pleasures of life both past and future;

    c. Such other emotional harm including fright, shame, and mortification from the indignity and disgrace, consequent upon such an illegal detention, assault, and invasion of privacy;.

    d. Nominal damages;

  e. Such other damages permitted by federal and/or state law;

  f. Punitive damages against Defendant(s) Gracia and/or Ramirez based upon their intentional and reckless conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief against Defendant(s):

1. Process be issued and that each Defendant be required to respond within the time provided by the Federal Rules of Civil Procedure;

2. Declaratory judgment or such other declaration be entered by this Court that the arrest of Plaintiff without probable cause or reasonable suspicion was unlawful conduct and violated the Plaintiff's clearly established constitutional rights;

3. Injunctive relief requiring appropriate training, supervision and discipline in order to remedy all constitutional deprivations which the Plaintiff suffered;

4. Enjoining Defendant(s) and Defendant(s)' officers, agents, servants, and employees and any other persons who are in active concert or participation with any of the foregoing persons from unlawfully seeking identification under threat of arrest from citizens without reasonable and articulable suspicion of a crime being committed;

5. Compensatory damages with pre and post judgment interest to Plaintiff due to Defendant(s)' unlawful actions in an amount not less than $300,000.00 or to be determined;

6. Punitive damages to Plaintiff in an amount to be determined;

7. Award to Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees, costs, and expenses;

8. Attorney's fees pursuant to Fed. R. Civ. P. 54, 42 U.S.C. § 1988, and/or any other applicable rule or law;

9. Such other and further legal or equitable relief to which Plaintiff may be entitled as the Court deems proper and/or under such other statutory or common law;

10. That a jury of Plaintiff's peers be empaneled to try the issues raised in this cause.

Respectfully submitted,

/s/Roland Mumford
Roland Mumford GA BAR# 817109
Law Offices of Roland Mumford
**Postal address** and Tennessee office:
242 West Main Street, No. 223
Hendersonville, TN 37075

Georgia office:
10982 Ford Avenue
Richmond Hill, GA 31324

Phone: 615.348.0070
Fax: 615.246.4110
Pacer email: roland@mumfordlaw.net
**Email for opposing counsel to contact plaintiff counsel: roland@mumford.law**

Attorney for Plaintiff